UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARCEL VALERIAN TIMMONS,

                     Plaintiff,

      -vs-                        **No. 6:16-CV-06314 (MAT)**
                                        **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                     Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Marcel Valerian Timmons ("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "defendant") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff protectively filed an application for SSI on August 15, 2012, which was denied. Administrative Transcript ("T.") 72-77, 150-55. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") Horetensia Haaversen on April 16, 2014. T. 35-41. The ALJ adjourned the hearing to allow plaintiff an opportunity to obtain a representative. T. 36-37. She also inquired about additional medical records and ordered two additional consultative examinations. T. 38-39. Plaintiff appeared before the ALJ for a second time on July 16, 2014, and indicated that he had been unable to obtain an attorney. T. 45. Plaintiff agreed to proceed with the hearing without representation. *Id*. In a decision dated December 19, 2014, ALJ Haaversen found that plaintiff was not disabled as defined in the Act and denied his claim. T. 5-25. On March 21, 2016, the Appeals Council issued an order denying plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final determination. T. 1-4. Plaintiff subsequently filed this action.

## III. The ALJ's Decision

At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since August 15, 2012, the alleged onset date. T. 10. At step two, the ALJ found

2

that plaintiff suffered from the severe impairments of polysubstance abuse including continuous drinking behavior and marijuana abuse, alcoholic gastritis, seizures secondary to alcohol withdrawal, unspecified depressive disorder, and status-post left knee surgery. T. 11. At step three, the ALJ found that plaintiff's impairments, including the substance use disorders, met sections 12.04 and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)). *Id.* Specifically, the ALJ determined that plaintiff had continuous periods of decompensation during which he experienced an altered mental state. T. 11-12.

"In 1996, Congress enacted the Contract with America Advancement Act . . .which amended the Act by providing that [a]n individual shall not be considered ... disabled ... if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012) (internal quotations omitted). Accordingly, the ALJ next considered whether, if plaintiff stopped his substance abuse, the remaining limitations would cause more than a minimal impact on his ability to perform basic work activities, and concluded that they would. T. 13. However, the ALJ also concluded that if plaintiff stopped his substance abuse, he would not have an impairment or combination of impairments that would meet or medically equal one

of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1. T. 14.

Before proceeding to step four, the ALJ determined that, if plaintiff stopped his substance abuse and considering all of plaintiff's impairments, plaintiff retained the RFC to perform mediume work as defined 20 CFR 416.967(c) "except that he can occasionally kneel, and climb ladders, ropes, and scaffolds." T. 15. The ALJ further held that plaintiff would be unable to drive an automobile for employment; is precluded from working at heights; should avoid concentrated exposure to hazards; is able to follow and understand simple directions and instructions and can perform simple tasks independently; is able to maintain attention and concentration, make appropriate workplace decisions, and relate adequately with others. *Id*.

At step four, the ALJ found that if plaintiff stopped his substance abuse, he would still be unable to perform any past relevant work. T. 18. At step five, the ALJ concluded that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff could perform if he stopped his substance abuse. *Id*. Accordingly, the ALJ found plaintiff not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual

4

findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

### A. Evaluation of "Rule Out Mild Neurocognitive Disorder due to Seizure or Stroke" Diagnosis

Plaintiff first argues that the ALJ improperly failed to properly evaluate consultative psychiatrist Adam Brownfeld, Ph.D.'s diagnosis of "[r]ule out mild neurocognitive disorder due to seizures and stroke." *See* T. 407. In the alternative, plaintiff argues that the ALJ had a duty to develop the record with respect to this issue. For the reasons discussed below, the Court agrees that the ALJ failed to properly develop the record and that, accordingly, remand is required.

The ALJ sent plaintiff to Dr. Brownfeld for a psychiatric examination on May 7, 2014, following his initial appearance before her. T. 404-407. Plaintiff reported active marijuana and alcohol use to Dr. Brownfeld. T. 405. On physical examination, plaintiff's thought processes were coherent and goal directed, his speech was fluent and clear, and his expressive and receptive language were adequate. T. 405-406. Plaintiff's attention and concentration skills were impaired, as were his recent and remote memory skills. *Id*. Dr. Brownfeld estimated plaintiff's

5

intellectual functioning as below average and noted that his insight and judgment were good. T. 406. Dr. Brownfeld opined that there was no evidence of limitation in following and understanding simple directions and instructions and performing simple tasks independently. *Id*. Dr. Brownfeld found mild limitations in maintaining attention and concentration, making appropriate decisions, and relating adequately with others. *Id*. He found moderate limitations in maintaining a regular schedule and learning new tasks and marked limitations in performing complex tasks independently. *Id*. Dr. Brownfeld further opined that plaintiff's psychiatric and cognitive problems did not appear to be significant enough to interfere with plaintiff's ability to function on a daily basis. *Id*. As diagnoses, Dr. Brownfeld listed cannabis abuse, unspecified depressive disorder, and "[r]ule out mild neurocognitive disorder due to seizures and stroke." T. 406-407.

In her decision, the ALJ did not find that "[r]ule out mild neurocognitive disorder due to seizures and stroke" was a severe impairment. While plaintiff argues that this was an error necessitating remand, the Court disagrees. "In medicine, the phrase 'rule out' means to eliminate or exclude something from consideration. It does not constitute a diagnosis." *Merancy v. Astrue*, 2012 WL 3727262, at *7 (D. Conn. May 3, 2012) (collecting cases); *see also Jackson v. Berryhill*, 2017 WL 2399459, at *2 (2d Cir. June 2, 2017) (rule out diagnoses are "possible diagnoses that [have] not been ruled out, pending further evaluation"); *Santiago v. Colvin*, 2014 WL 718424, at *13 (S.D.N.Y. Feb. 25,

6

2014), *report and recommendation adopted*, 2014 WL 1092967 (S.D.N.Y. Mar. 17, 2014) ("In medicine, the phrase 'rule out' indicates a need to eliminate or exclude a diagnosis from consideration, but it does not constitute a diagnosis itself."); Rivera v. Colvin, No. 15-CV-6048 CJS, 2016 WL 5858931, at *4 (W.D.N.Y. Oct. 7, 2016) (a finding of "rule out mild mental retardation" meant that "such a diagnosis was possible and had not yet been ruled out"). Dr. Brownfeld's listing of "rule out mild neurocognitive disorder due to seizures and stroke" thus was not an affirmative diagnosis of neurocognitive disorder, and the ALJ was not required to treat it as such.

However, the Court agrees with plaintiff that the ALJ had a duty to further develop the record with regard to the possibility that plaintiff suffered from neurocognitive disorder. "[I]t is the well-established rule in our circuit that the social security ALJ, unlike a judge in a trial, must on behalf of all claimants ... affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation omitted). This duty is particularly relevant where, as here, the claimant acts *pro se* and suffers from a mental impairment. *Id*.

Here, Dr. Brownfeld's opinion affirmatively put the ALJ on notice that plaintiff potentially suffered from neurocognitive disorder as a result of previous seizures or strokes. Moreover, and as plaintiff points out, CT scans taken in September 2013 and July 2014 in fact showed evidence of a previous stroke. *See*

7

T. 484, 525. There was therefore at least some evidence to support Dr. Brownfeld's identification of neurocognitive disorder as a possible diagnosis. Where there is insufficient evidence in the record to determine whether or not an impairment exists, the ALJ has an affirmative obligation to develop the record. *See Jarvis v. Colvin*, 2016 WL 4148352, at *6 (N.D.N.Y. Aug. 4, 2016). Here, the ALJ had many options available to her to develop the record, including engaging a medical expert to review plaintiff's CT scans and determine whether they supported a diagnosis of neurocognitive disorder, or re-contacting Dr. Brownfeld to obtain additional information. She did not do so. The Court agrees with plaintiff that, under the circumstances of this case, the ALJ's failure to further develop the record necessitates remand.

### B. Full and Fair Hearing

Plaintiff also argues that the ALJ did not properly question plaintiff regarding his mental impairments and improperly questioned him regarding his alleged intoxication at a prior hearing. Because the Court has already determined that remand is necessary, it need not and does not reach this issue. On remand, the ALJ should ensure that plaintiff is given the opportunity to testify regarding all his claimed impairments.

### V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings motion (Docket No. 13) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

The Commissioner's motion for judgment on the pleadings (Docket No. 18) is denied.  The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   June 29, 2017
         Rochester, New York.